### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUNE TAYLOR,** | : | **CIVIL NO. 1:15-CV-123** |
| | : | |
| **Plaintiff,** | : | **(Chief Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **SOVEREIGN/SANTANDER BANK,** | : | |
| | : | |
| **Defendant.** | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case.

This is a *pro se* civil action brought by June Taylor, through the filing of a complaint on January 20, 2015.  (Doc. 1.)  Taylor's *pro se* complaint contains a one-page factual narrative and is a terse and factually inscrutable document, which states that at some unidentified date and location the bank did not honor Taylor's mortgage refinancing request under the Home Affordable Modification Program. (HAMP) According to Taylor this refusal by the bank to refinance her mortgage loan now entitles Taylor to have her "mortgage be forgiven," and a "lien release" on her home. (Id.)

Along with her complaint, the plaintiff filed a motion to proceed *in forma pauperis*.  (Doc. 2.)  For the reasons set forth below, we will GRANT Taylor leave to

proceed *in forma pauperis* but as part of our legally-mandated duty to screen *pro se in forma pauperis* pleadings, we recommend that this complaint be dismissed without prejudice.

## II.   Discussion

### A.   Screening of *Pro Se In Forma Pauperis* Complaints–Standard of Review

This Court has a statutory obligation to conduct a preliminary review of complaints filed by plaintiffs who seek leave to proceed *in forma pauperis,* and seek redress against government officials. See 28 U.S.C. §§1915 and 1915A. Specifically, we must assess whether a *pro se, in forma pauperis* complaint "fails to state a claim upon which relief may be granted." This statutory text, in turn, mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. Rule 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in

> <u>Ashcroft v. Iqbal</u> –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. <u>Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.</u>, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." <u>Associated Gen. Contractors of Cal. v. California State Council of Carpenters</u>, 459 U.S. 519, 526 (1983). As the Supreme Court held in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), in order to state a valid cause of action a plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." <u>Id.</u> at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." <u>Id.</u>

In keeping with the principles of <u>Twombly</u>, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss.  In <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  <u>Id.</u> at 679.  According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  <u>Id.</u> at 678.  Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

<u>Id.</u> at 679.

Thus, following <u>Twombly</u> and <u>Iqbal</u> a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation.  As the United States Court of Appeals for the Third Circuit has stated:

[A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

As the court of appeals has also observed: "The Supreme Court in Twombly set forth the 'plausibility' standard for overcoming a motion to dismiss and refined this approach in Iqbal. The plausibility standard requires the complaint to allege 'enough facts to state a claim to relief that is plausible on its face.' Twombly, 550 U.S. at 570, 127 S.Ct. 1955. A complaint satisfies the plausibility standard when the factual pleadings 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S.Ct. 1955). This standard requires showing 'more than a sheer possibility that a defendant has acted unlawfully.' Id. A complaint which pleads facts 'merely consistent with' a defendant's liability, [ ] 'stops short of the line between possibility and plausibility of "entitlement of relief." ' " Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011) cert. denied, 132 S. Ct. 1861, 182 L. Ed. 2d 644 (U.S. 2012).

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

In this regard, one of the basic requisites for a civil complaint is that it must recites some essential facts tying the defendants to some alleged misconduct. This fundamental requirement is driven both by matters of principle, and by pragmatic considerations. As a matter of principle and practice, a basic factual recital is essential in a complaint because it is simply impossible without such averments to properly

assign individual responsibility to a particular defendant without some factual description of what has transpired.  Therefore, it is incumbent upon a plaintiff to describe who he seeks to sue, and what these parties did that violated the plaintiff's rights.  When a plaintiff fails in this basic responsibility, it is the duty of the court to dismiss his claims.  See, e.g., Moss v. United States, 329 F. App'x 335 (3d Cir. 2009)(dismissing illegible complaint); Radin v. Jersey City Medical Center, 375 F. App'x 205 (3d Cir. 2010); Earnest v. Ling, 140 F. App'x 431 (3d Cir. 2005)(dismissing complaint where "complaint fails to clearly identify which parties [the plaintiff] seeks to sue"); Oneal v. U.S. Fed. Prob., CIV.A. 05-5509 (MLC), 2006 WL 758301 (D.N.J. Mar. 22, 2006)(dismissing complaint consisting of approximately 50 pages of mostly-illegible handwriting); Gearhart v. City of Philadelphia Police, CIV.A.06-0130, 2006 WL 446071 (E.D. Pa. Feb. 21, 2006) dismissing illegible complaint).  Further, in order to satisfy the strictures of Rule 8, a complaint must also contain a coherent prayer for relief, demanding relief from a defendant that lies within the power of the defendant to provide.  See Klein v. Pike Cnty. Comm'rs, CIV.A. 11-278, 2011 WL 6097734 (M.D. Pa. Dec. 6, 2011)(failure to articulate a prayer for relief compels dismissal); Snyder v. Snyder, 4:12-CV-105, 2012 WL 512003 (M.D. Pa. Jan. 24, 2012) report and recommendation adopted, 4:12-CV-105, 2012 WL 511993 (M.D. Pa. Feb. 15, 2012)(same).

In our view, these pleading standards apply to all aspects of the Court's threshold analysis of a complaint's legal sufficiency. Thus, we will apply this analysis both when assessing the adequacy of the factual assertions set forth in the amended complaint, and when examining whether a complaint properly invokes the jurisdiction of this Court.

## B.    This Complaint Fails to State A Claim Upon Which Relief Can Be Granted

Applying these legal benchmarks in this case, dismissal of this complaint is warranted because the complaint, as drafted, fails to meet the substantive standards required by law, in that it does not set forth a "short and plain" statement of a cognizable violation of some right guaranteed by the Constitution or laws of the United States.  At the outset, dismissal of this complaint is warranted because the complaint fails to comply with Rule 8's basic injunction that: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Dismissal of this complaint is appropriate since it is well-settled that: "[t]he Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2), and that each averment be 'concise, and direct,' Fed. R. Civ. P. 8(e)(1)."  Scibelli v. Lebanon County, 219 F. App'x 221, 222 (3d Cir. 2007).  Thus, when a complaint is "illegible or incomprehensible", id., or when a

complaint "is also largely unintelligible," <u>Stephanatos v. Cohen</u>, 236 F. App'x 785, 787 (3d Cir. 2007), an order dismissing a complaint under Rule 8 is clearly appropriate. <u>See, e.g.</u>, <u>Mincy v. Klem</u>, 303 F. App'x 106 (3d Cir. 2008); <u>Rhett v. New Jersey State Superior Court</u>, 260 F. App'x 513 (3d Cir. 2008); <u>Stephanatos v. Cohen</u>. <u>supra</u>; <u>Scibelli v. Lebanon County, supra</u>; <u>Bennett-Nelson v. La. Bd. of Regents</u>, 431 F.3d 448, 450 n.1 (5th Cir. 2005). Furthermore, dismissal under Rule 8 is proper when a complaint "left the defendants having to guess what of the many things discussed constituted [a cause of action];" <u>Binsack v. Lackawanna County Prison</u>, 438 F. App'x 158 (3d Cir. 2011), or when the complaint is so "rambling and unclear" as to defy response. <u>Tillio v. Spiess</u>, No. 11-1276, 2011 WL 3346787 (Aug. 4, 2011). Finally, a complaint may be dismissed under Rule 8 when the pleading is simply illegible and cannot be understood. <u>See, e.g.</u>, <u>Moss v. United States</u>, 329 F. App'x 335 (3d Cir. 2009)(dismissing illegible complaint); <u>Radin v. Jersey City Medical Center</u>, 375 F. App'x 205 (3d Cir. 2010); <u>Earnest v. Ling</u>, 140 F. App'x 431 (3d Cir. 2005)(dismissing complaint where "complaint fails to clearly identify which parties [the plaintiff] seeks to sue"); <u>Oneal v. U.S. Fed. Prob.</u>, CIV.A. 05-5509 (MLC), 2006 WL 758301 (D.N.J. Mar. 22, 2006)(dismissing complaint consisting of approximately 50 pages of mostly-illegible handwriting); <u>Gearhart v. City of Philadelphia Police</u>, CIV.A.06-0130, 2006 WL 446071 (E.D. Pa. Feb. 21, 2006) (dismissing illegible complaint).

Here, the complaint is cryptic and largely incomprehensible.  The complaint, therefore, fails to "contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2), and [fails to meet Rule 8's requirement] that each averment be 'concise, and direct,' Fed. R. Civ. P. 8(e)(1)." Scibelli v. Lebanon County, 219 F. App'x 221, 222 (3d Cir. 2007).  Further, the averments set forth in the pleading consist of a complaint that is presented without any context, content, coherence or continuity, making it virtually impossible to ascertain the legal and factual significance of these allegations.  Thus, we are "left . . . having to guess what of the many things discussed constituted [a cause of action]." Binsack v. Lackawanna County Prison, 438 F. App'x 158 (3d Cir. 2011).  In such instances, Rule 8 calls for the dismissal of the complaint without prejudice to allowing the plaintiff to attempt to articulate a proper claim.[1]

In particular, we note that Taylor errs when she suggests that the Home Affordable Modification Program, (HAMP) creates a private right of action by borrowers to have their mortgages forgiven and bank liens removed from their property.  Quite the contrary, "federal courts across the country have held that HAMP does not create a private right of action for borrowers. . . . See also, e.g., Nelson v.

---

[1]In the first instance Rule 8 dismissals are often entered without prejudice to allowing the litigant the opportunity to amend and cure any defects. See, e.g., Rhett v. New Jersey State Superior Court, 260 F.App'x 513 (3d Cir. 2008); Stephanatos v. Cohen. supra;  Scibelli v. Lebanon County, supra.

Bank of America, N.A., 446 Fed. App'x 158, 159 (11th Cir.2011) (citing Mosley v. Wells Fargo Bank, N.A., 802 F.Supp.2d 695 (E.D.Va.2011); Cox v. Mortg. Elec. Registration Sys., Inc., 794 F.Supp.2d 1060 (D.Minn.2011); Melton v. Suntrust Bank, 780 F.Supp.2d 458, 459–60 (E.D.Va.2011); Hart v. Countrywide Home Loans, Inc., 735 F.Supp.2d 741, 748 (E.D.Mich.2010); Pantoja v. Countrywide Home Loans, Inc., 640 F.Supp.2d 1177, 1185 (N.D.Cal.2009)); Bourdelais v. J.P. Morgan Chase Bank, N.A., Civil No. 3:10CV670–HEH, 2011 WL 1306311, at *3 (E.D.Va. Apr.1, 2011) (noting that courts across the country have 'universally rejected' claims by homeowners that they were entitled to modifications under HAMP because 'HAMP does not create a private right of action for borrowers against lenders and servicers'); Dugger v. Bank of Am., No. 1:10CV00076 SNLJ, 2010 WL 3258383, at *2 (E.D.Mo. Aug.16, 2010); Simon v. Bank of America, N.A., No. 10–CV–00300–GMN–LRL, 2010 WL 2609436, at *10 (D.Nev. June 23, 2010) ('district courts have consistently held that the Home Affordable Modification Program does not provide borrowers with a private cause of action against lenders for failing to consider their application for loan modification, or even to modify an eligible loan'(citing Lucero v. Countrywide Bank N.A., NO. 09–CV–1742, 2010 WL 1880649, at *3–4 (S.D.Cal. May 10, 2010); Villa v. Wells Fargo Bank, N.A., NO. 10–CV–0081, 2010 WL 935680, at *3 (S.D.Cal. March 15, 2010); Aleem v. Bank of America, 09–CV–01812, 2010 WL 532330, at *4

(C.D.Cal. Feb.09, 2010); <u>Escobedo v. Countrywide Home Loans, Inc.</u>, 09–CV–1557,

2009 WL 4981618, at *2–3 (S.D.Cal. Dec.15, 2009))). Indeed, the United States Court

of Appeals for the Third Circuit also has held recently that 'HAMP does not provide

a private right of action' for borrowers.  <u>Sinclair v. Citi Mortg., Inc.</u>, 519 Fed. App'x.

737, 739 (3d Cir.2013) (citing <u>Wigod v. Wells Fargo Bank, N.A.</u> 673 F.3d 547, 559

n. 4 (7th Cir.2012)).  <u>Accord Dente v. Saxon Mortg.</u>, Civil No. 11–6933, 2012 WL

1664127, at *4 (D.N.J. May 11, 2012); <u>O'Connor v. First Alliance Home Mortg.</u>, Civ.

Action No. 12–111, 2012 WL 762351, *3 (D.N.J. March 6, 2012); <u>Keosseian v. Bank

of America</u>, Civil Action No. 11–3478, 2012 WL 458470, at *2 (D.N.J. Feb. 10,

2012); <u>Wallace v. Bank of America</u>, Civil No. 11–0038, 2011 WL 3859745, at *2 n.

3 (D.N.J. Aug. 30, 2011); <u>Stolba v. Wells Fargo & Co.</u>, Civil Action No.

10–CV–6014, 2011 WL 3444078, at *3 (D.N.J. Aug.8, 2011)."  <u>Brecker v. 1st

Republic Mortgage Bankers, Inc.</u>, No. CIV.A. 13 5646, 2013 WL 5729783, at *3

(D.N.J. Oct. 21, 2013).

　　In short, the premise behind Taylor's complaint the notion that HAMP gives

mortgage borrowers a private right of action entitling them to cancel their mortgages,

is simple incorrect as a matter of law.  Therefore, Taylor's complaint fails as a matter

of law.

## C.     The Complaint Should Be Dismissed Without Prejudice

While this complaint is flawed, we recognize that *pro se* plaintiffs should be afforded an opportunity to amend a complaint before the complaint is dismissed with prejudice, see Fletcher-Hardee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless it is clear that granting further leave to amend would be futile, or result in undue delay.  Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004).  In this case, the plaintiff has not alleged facts that would state a claim upon which relief may be granted.  Nonetheless, out of an abundance of caution, and in order to preserve the plaintiff's rights, it is recommended that this matter be dismissed without prejudice to the plaintiff attempting to amend this federal complaint to state a claim upon which relief may be granted in federal court, by including proper allegations against appropriate party-defendants that meet the requirements of federal law, provided that the plaintiff acts promptly.

## III.   Recommendation

Accordingly, for the foregoing reasons, IT IS ORDERED that the plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2.) is GRANTED but the plaintiff's complaint should be dismissed without prejudice to the plaintiff attempting to amend this federal complaint to state a claim upon which relief may be granted in federal court, by including proper allegations against appropriate party-

defendants that meet the requirements of federal law, provided the plaintiff acts within

20 days of any dismissal order.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 26th day of January, 2015.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge