IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUNE TAYLOR**, | : | CIVIL ACTION NO. 1:15-CV-123 |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| v. | : | |
| **SOVEREIGN/SANTANDER BANK**, | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 23rd day of February, 2015, upon consideration of the report (Doc. 5) of Chief Magistrate Judge Martin C. Carlson, recommending the court grant *pro se* plaintiff's motion (Doc. 2) for leave to proceed *in forma pauperis* but dismiss plaintiff's complaint for failure to state a claim for which relief may be granted,[1] (see id. at 8-12), and further recommending, in an abundance of caution, that such dismissal be without prejudice to plaintiff's ability to file an amended complaint in attempt to cure the deficiencies in her initial pleading as identified in the magistrate judge's report, (see id. at 13), and following an independent review of

---

[1] Plaintiff asserts a claim under the federal Home Affordable Modification Program ("HAMP"), a program established as part of the Dodd-Frank Wall Street Reform and Consumer Protection Act, 12 U.S.C. §§ 5301 *et seq.*, requesting that her "mortgage be forgiven" and that the bank release a lien on her property. As Judge Carlson notes, "federal courts across the country have held that HAMP does not create a private right of action for borrowers." (Doc. 5 at 10-12 (collecting cases)).

the record, it appearing that plaintiff did not object to the report,[2] and that there is no clear error on the face of the record,[3] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir.

---

[2] Instead, plaintiff filed an amended complaint (Doc. 6), this time typewritten rather than drafted by hand, asserting claims identical to those rejected by Judge Carlson.  This pleading fails for the same reasons identified in the report, and confirms Judge Carlson's hesitation to grant leave to amend in the first instance.  For this reason, dismiss will be with prejudice.

[3] When parties fail to timely object to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it.  See Thomas v. Arn, 474 U.S. 140, 149 (1985).  As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report."  Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).  The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Fed. R. Civ. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to *de novo* review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error").  The court reviews the Magistrate Judge's report in according with this Third Circuit directive.

2007) (explaining that the failure to timely object "may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report (Doc. 5) of Judge Carlson is ADOPTED.

2. Plaintiff's motion (Doc. 2) is GRANTED.

3. Plaintiffs' complaint (Doc. 1) and amended complaint (Doc. 6) are DISMISSED with prejudice.

4. The Clerk of Court is directed to CLOSE this case.

5. Any appeal from this order is deemed to be frivolous and not taken in good faith. See 28 U.S.C. § 1915(a)(3).

                                          /S/ CHRISTOPHER C. CONNER
                                          Christopher C. Conner, Chief Judge
                                          United States District Court
                                          Middle District of Pennsylvania